# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

CURTIS JAMES MAXWELL,

    Plaintiff,

vs.

LINN COUNTY CORRECTIONAL CENTER,

    Defendant.

No. C07-0018-LRR

ORDER

---

    This matter is before the court on the plaintiff's motion to reconsider (docket no. 23) and application to appeal in forma pauperis (docket no. 24). The plaintiff submitted such motion and application on December 17, 2007. Along with his application to appeal in forma pauperis, the plaintiff submitted a notice of appeal.

    With respect to the plaintiff's motion to reconsider, the plaintiff states nothing that leads the court to a different conclusion. The court correctly determined that the plaintiff did not comply with the Local Rules. Indeed, the defendant filed its motion to dismiss on October 29, 2007, and the plaintiff filed a resistance on December 6, 2007, well after the appropriate period passed. *See* LR 7.1.e; LR 6.1. Further, the plaintiff's explanation as to why he did not timely file a resistance is insufficient. Regarding his knowledge about the Local Rules and the deadlines for filing a resistance, the court previously explained that his pro se status does not absolve him of complying with the Local Rules. Concerning his need to make copies, the court previously made and sent copies of documents that the plaintiff requested, nothing required the plaintiff to submit multiple copies of his resistance to the court, and the plaintiff does not suggest that anything prevented him from drafting two separate, but identical, documents. The plaintiff is not required to type his pleadings,

and, as the complaint makes clear, the court accepts legible, hand-written documents. Moreover, if the plaintiff needed additional time to file and/or make copies of his resistance, he should have asked for an extension. In light of his motion for continuance, it is clear that the plaintiff understood deadlines and how to extend them. Accordingly, the plaintiff's motion to reconsider (docket no. 23) is denied.[1]

With regard to the plaintiff's application to appeal in forma pauperis, the court does not believe it is appropriate to grant in forma pauperis status for appellate purposes, especially considering that the plaintiff does not adequately explain why he did not timely file a resistance. *See* Fed. R. App. P. 24. Accordingly, the plaintiff's application to appeal in forma pauperis (docket no. 24) is denied.

Finally, the Clerk of Court is directed to file the notice of appeal that is attached to

---

[1] The court notes that the plaintiff did not state that he complained after being placed in a top bunk. Rather, the complaint alleges that he only complained after falling from his bunk. *See Beyerbach v. Sears*, 49 F.3d 1324, 1326 (8th Cir. 1995) (stating that an Eighth Amendment violation occurs only when two requirements are met: (i) "the deprivation alleged must be, objectively, 'sufficiently serious,'" and (ii) the "prison official must be, as a subjective state of mind, deliberately indifferent to the prisoner's health or safety" (citations omitted)). Further, it is difficult to tell from the complaint whether the plaintiff is alleging that he did not receive adequate medical care after he injured himself. *Id*. Additionally, the court notes that the complaint names the Linn County Correctional Center as the only defendant, and the complaint does not identify a governmental policy or custom that caused the plaintiff's injury. *See Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978) (stating that 42 U.S.C. § 1983 will not support a claim based on a respondeat superior theory of liability, that is, to hold a municipality liable, a complaint must allege that the violation occurred as a result of an unconstitutional custom or policy); *see also Brockington v. City of Sherwood, Ark.*, No. 06-32093, 2007 WL 2873564, *5 (8th Cir. Oct. 4, 2007) (quoting *Bd. of the County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997)).

the application to appeal in forma pauperis. The plaintiff's notice of appeal should be filed as of December 17, 2007. The Clerk's Office is directed to forward this matter to the Eighth Circuit Court of Appeals for further disposition.

**IT IS SO ORDERED**.

**DATED** this 26th day of February, 2008.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA